IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DARRYL LEWIS,

        Petitioner,

    v.                      CASE NO.  07-3323-SAC

DAVID McKUNE,
et al.,

        Respondents.

### O R D E R

This petition for writ of habeas corpus, 28 U.S.C. 2254, was filed by an inmate of the Lansing Correctional Facility, Lansing, Kansas.

### FILING FEE

Petitioner has not paid the filing fee of $5.00 or submitted a properly documented motion for leave to proceed without prepayment of fees.  This action may not proceed until Mr. Lewis satisfies the filing fee requirement in one of these two ways.  He will be given time to do so.

### PROCEDURAL HISTORY AND CLAIMS

Petitioner seeks to vacate his conviction of second degree murder and sentence entered in the District Court of Wyandotte County, Kansas, in January, 1990.  He alleges he directly appealed, and the Kansas Supreme Court affirmed on July 8, 1994.

Petitioner further alleges he filed a post-conviction action

under K.S.A. 60-1507 on June 16, 2003, in the Wyandotte County court, which was denied after an evidentiary hearing. He appealed the denial, and the Kansas Court of Appeals affirmed on December 22, 2006. A Petition for Review was denied on March 27, 2007.

As grounds for his federal Petition, Mr. Lewis claims his Fifth Amendment right to due process was violated in 1988 when a charge filed against him in state criminal case 88 CR 1930 was voluntarily dismissed by the State of Kansas without him present. The State of Kansas thereafter proceeded in a new case involving the same dates and victim. He claims this is contrary to U.S. Supreme Court ruling and Constitution.

As ground two, petitioner claims his Fifth and Fourteenth Amendment rights were violated in Case No. 88 CR 1930, because the State of Kansas "appeared before the court outside of" his knowledge and without his presence. He alleges he was not notified of the hearing, and would have "argued in the interest of justice and his favor."

As ground three, petitioner claims his Sixth Amendment right to effective assistance of counsel was denied. In support, he alleges defense counsel failed to advise him to plead guilty to aggravated battery; failed to ensure that the court rule on his motion to suppress; failed to confront and cross-examine Officer Hall, a witness against him; was disbarred during petitioner's direct appeal; and the Kansas Appellate Defender's Office failed to raise the above issues on appeal due to it's failure to communicate with Mr. Lewis.

As ground four, petitioner claims prosecutorial misconduct during his trial.  In support he alleges the prosecutor stated "you know you murdered that officer and are lying to the jury."

**FAILURE TO SHOW EXHAUSTION OF STATE COURT REMEDIES**

Petitioner does not allege that the above issues have been all been presented to the state courts on direct appeal or in his post-conviction motion.  28 U.S.C. 2254(b)(1) provides:

> "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State. . . ."

Alternatively, the applicant must show that State corrective process is either unavailable or ineffective.  28 U.S.C. 2254(b)(1)(B).  "A state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."  O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  Generally, the exhaustion prerequisite is not satisfied unless all claims asserted have been presented by "invoking one complete round of the State's established appellate review process."  Id. at 845.  In this district, that means the claims must have been "properly presented" as federal constitutional issues "to the highest state court, either by direct review of the conviction or in a post-conviction attack."  Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994).

Petitioner must show that he has fully exhausted state court remedies on each of his claims, before he may proceed in federal

3

court.  He shall be required to complete and submit an Amended Petition on forms provided by this court, which ask specific questions regarding exhaustion.

**<u>TIMELINESS QUESTION</u>**

In addition, it appears from the face of the Petition that it was not filed within the applicable statute of limitations.  The statute of limitations for filing a federal habeas corpus petition is set forth in 28 U.S.C. § 2244(d)(1), as follows:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from . . . (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

A statutory exception exists in that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ."  28 U.S.C. 2244(d)(2).

From the facts alleged by petitioner, it appears the time in which he could have filed a Petition for Writ of Certiorari in the United States Supreme Court expired on or around October 8, 1994. Since petitioner's conviction became "final" prior to the effective date of the statute of limitations, he had one year from the date the statute of limitations took effect, which was April 24, 1996, in which to file his federal habeas corpus petition.  This means his

4

federal Petition must have been filed prior to April 24, 1997. Obviously the instant federal Petition was not filed within that year. It follows that this Petition is time-barred unless petitioner can demonstrate that he is entitled to either statutory or equitable tolling of the limitations period.

As noted, the time limit may be tolled during the time a state post-conviction action concerning the conviction is properly pending. However, petitioner's state post-conviction motion was not filed until 2003, long after the limitations period had already expired. He does not allege that any other state collateral actions were pending during the limitations period. Thus, it appears he is not entitled to additional statutory tolling.

The time limit may also be tolled upon petitioner's showing of entitlement to equitable tolling. Equitable tolling of the limitation period is allowed when "an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), cert. denied, 531 U.S. 1194 (2001), *citing,* Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998), cert. denied, 525 U.S. 891 (1998). Petitioner will be given time to allege facts showing he is entitled to equitable tolling[1].

---

[1] Equitable tolling is warranted only in "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808, *quoting* Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999); Felder v. Johnson, 204 F.3d 168, 170-71 (5th Cir.), cert. denied, 531 U.S. 1035 (2000). To qualify for such tolling, petitioner must demonstrate that extraordinary circumstances beyond his control prevented him from filing his federal petition on time, and that he diligently pursued his claims throughout the period he seeks to toll. Miller, 141 F.3d at 978; Marsh, 223 F.3d at 1220. The Tenth Circuit has stated that equitable tolling is appropriate, for example, where a prisoner is actually innocent; when an adversary's conduct or other uncontrollable

If petitioner does not present facts within the time provided indicating that the statute of limitations in this case was tolled, either by statute or by equitable tolling, then this action will be dismissed as time-barred.

**IT IS THEREFORE BY THE COURT ORDERED** that petitioner is granted thirty (30) days in which to pay the filing fee of $5.00 or submit a properly documented motion to proceed without prepayment of fees; and to file an Amended Petition on forms provided by the court in which he explains how and in what courts he fully exhausted state court remedies on each of his claims, and in which to allege facts showing cause why this action should not be dismissed as time-barred.

The clerk is directed to transmit forms to petitioner for filing a Section 2254 Petition and an Application for Leave to Proceed Without Prepayment of Fees.

**IT IS SO ORDERED.**

Dated this 9th day of January, 2008, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge

---

circumstances prevent a prisoner from timely filing; or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period.  Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003).
    Complaints about unfamiliarity with the legal process and illiteracy have been found to provide no basis for equitable tolling.  See Scott v. Johnson, 227 F.3d 260, 263 FN3 (5th Cir. 2000), cert. denied, 532 U.S. 963 (2001).  Moreover, ignorance of the law generally and of the AEDPA time limit in particular will not excuse untimely filing, even for an incarcerated pro se prisoner.  Marsh, 223 F.3d at 1220; Miller, 141 F.3d at 978; Gibson, 232 F.3d at 808.